990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry J. FOSTER, Plaintiff-Appellant,
v.
L. BRADLEY, Correctional Counselor; Sarita; J. Tambellini,
Defendants-Appellees.
 No. 92-16158.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry J. Foster, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. Foster contends that the district court erred by finding that he had failed to state a cognizable claim under section 1983. He claims he suffered emotional distress when a prison counselor erroneously asked him to sign a sex offender registration form prior to being released on parole.[1] We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 Foster contends that the district court erred by finding that his civil rights were not violated as a result of being asked to sign a sex offender registration form. He claims he suffered emotional distress because of the incident. The threshold question in determining whether a petitioner has a cognizable claim under section 1983 is whether he was deprived of a right secured by the Constitution. Baker v. McCollan, 443 U.S. 137, 140 (1979). "If there has been no such deprivation, the state of mind of the defendant is wholly immaterial." Id.
 
 
 5
 Furthermore, "section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care rising out of tort law." Id. at 146. "Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Id.
 
 
 6
 Foster was incarcerated at San Quentin State Prison from October 18, 1990 until November 5, 1991, when he was released.[2] Prison Counselor Bradley offered a declaration stating that on August 23, 1991, he met with Foster for his parole release interview and processing. Bradley declares that Foster's parole release package contained a sex offender registration form which Foster was asked to sign.[3] Foster refused to sign the registration form, stating that he had not been convicted of a sex offense. Bradley told Foster he would look into the matter.
 
 
 7
 Bradley discovered that the prison's records office parole desk had mistakenly designated Foster as an inmate convicted of a sex offense under Calif.Penal Code § 290. Foster's criminal record indicates that he has been arrested on various sexual assault charges, including rape, but has never been convicted of these charges. After determining that Foster had not been convicted of sex offenses, the requirement that he register as a sex offender was retracted and he was released on his scheduled parole release date. Foster was never required to sign the registration form.
 
 
 8
 Foster has not offered any evidence that he has been deprived of any liberty interest in violation of a right secured by the Constitution. He has failed to offer evidence that he has suffered any constitutional harm. He admits that he was released on his scheduled release date without delay.
 
 
 9
 At most, the prison officials may have been negligent in including a sex offender registration form in Foster's parole package. However, the negligent or intentional infliction of emotional distress is insufficient to state a cognizable civil rights claim. See id. at 146. Therefore, the district court did not err by granting summary judgment in favor of the prison officials.
 
 
 10
 On February 25, 1993 Foster filed a document styled as a "Memorandum to the Court 'Urgent.' " The document appears to be a request for injunctive relief in connection with claims of denial of access to the law library and interference with legal mail. Foster's "memorandum" is construed as a motion for injunctive relief. On March 8, 1993 Foster filed another document requesting injunctive relief in connection with claims of interference with legal mail. None of the claims raised in either motion is related to this appeal; therefore the motions are denied.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Foster was released on parole on November 5, 1991. However, he has since been returned to the custody of the California Department of Corrections and is currently incarcerated at Concoran State Prison
 
 
 [2]
 See supra note 1, page 2
 
 
 [3]
 Inmates convicted of sex offenses must be notified in writing of their duty to register as sex offenders while they are on parole. The form Foster was asked to sign is used to fulfill the written notification requirement